UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                       No. 99-4451

WARREN WILLIAM JENKINS, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-99-2)

Submitted: February 22, 2000

Decided: March 22, 2000

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael S. Arif, MARTIN, ARIF, PETROVICH & WALSH, Spring-
field, Virginia, for Appellant. Helen F. Fahey, United States Attorney,
William E. Fitzpatrick, Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Warren William Jenkins, Jr., appeals his conviction and sentence for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). Finding no reversible error, we affirm.

Jenkins raises three issues on appeal, asserting that: (1) the Government failed to comply with the district court's discovery order by failing to disclose co-conspirator statements to Jenkins prior to or during trial; (2) there was insufficient evidence of Jenkins' participation in the conspiracy to permit the admission of co-conspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E); and (3) there was insufficient evidence to prove that Jenkins conspired to distribute crack cocaine.

Because Jenkins failed to object to the Government's alleged failure to comply with the district court's discovery order, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732-37 (1993). Specifically, Jenkins contends that the Government failed to provide him with Jencks* material pursuant to 18 U.S.C. § 3500 (1994). Contrary to Jenkins' assertion, the Government contends that it participated in an extensive discovery meeting with trial counsel and provided full "open file" discovery. Because Jenkins fails to support his claim with any reference to the record or the prior dealings between the parties, we cannot conclude that plain error exists. Accordingly, we find that Jenkins has not established that the Government failed to comply with the discovery order.

We also find that the district court did not err in admitting the testimony of Jenkins' co-conspirators pursuant to Fed. R. Evid. 801(d)(2)(E). Rule 801(d)(2)(E) provides that statements by a co-conspirator, made during the course of and in furtherance of the conspiracy, are not hearsay. Accordingly, when the government shows by a preponderance of the evidence that a conspiracy existed of which the defendant was a member, and that the co-conspirators' statements were made in furtherance of the conspiracy, the statements are admis-

_____

*See Jencks v. United States, 353 U.S. 657 (1957).

2

sible. See United States v. Neal, 78 F.3d 901, 904-05 (4th Cir. 1996); United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir. 1992).

Jenkins contends that there was insufficient independent evidence to establish his participation in the conspiracy. Factual findings as to Jenkins' participation in the conspiracy are subject to a clearly erroneous standard of review, and may only be overturned on appeal for an abuse of discretion. See Bourjaily v. United States, 483 U.S. 171, 181 (1987); United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir. 1992). Jenkins claims that the only independent evidence of the conspiracy consists of the testimony of the two police detectives, Detective Moore and Detective Copeland. He contends that this evidence was not sufficient for the district court to conclude that a conspiracy existed.

This argument evinces a misunderstanding of Fed. R. Evid. 801(d)(2)(E) and the relevant case law. To admit a co conspirator's out-of-court statement under Rule 801(d)(2)(E), the Government must demonstrate the existence of the conspiracy by evidence extrinsic to the hearsay statements. See Glasser v. United States, 315 U.S. 60, 74-75 (1942); United States v. Stroupe, 538 F.2d 1063, 1065 (4th Cir. 1976). The bulk of the evidence presented at trial consisted of in-court testimony of Jenkins' co-conspirators regarding their personal involvement in drug transactions with Jenkins. Because this evidence was not hearsay and was extrinsic to the hearsay statements in question, it can be used to establish Jenkins' participation in the conspiracy. We find that the testimony of these co-conspirators was extensive, detailed, and more than adequate to establish that Jenkins participated in the conspiracy. Once Jenkins' participation in the conspiracy was established, the district court did not err in admitting certain hearsay statements of his co-conspirators pursuant to Fed. R. Evid. 801(d)(2)(E).

We also find that the evidence, when viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found beyond a reasonable doubt that Jenkins conspired to distribute crack cocaine. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Accordingly, we affirm Jenkins' conviction and sentence. We dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4